IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kojo Soweto Ameen, #90517, ) | |
| ) | C.A. No. 9:10-00135-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| South Carolina Department of Corrections; ) | |
| Officer D. Brown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Kojo Soweto Ameen, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on January 20, 2010 against the South Carolina Department of Corrections (SCDC), and Officer D. Brown ("Brown"). Plaintiff, is housed at Lee Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Bristow Marchant for pretrial handling. On January 28, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed only as to SCDC for failure to state a claim upon which relief can be granted. The Magistrate Judge recommended service of the complaint on Brown. On January 28, 2010, Plaintiff filed objections to the Report and Recommendation.

**BACKGROUND**

In his complaint, Plaintiff alleges that on November 10, 2005, Brown, a correctional officer, assaulted him. Plaintiff asserts that the altercation began when Brown entered his cell, asked Plaintiff's cellmate to leave and attempted to verbally provoke Plaintiff. Plaintiff contends that Brown subsequently began to choke Plaintiff, slammed his head into the top bunk of a bunk bed, and

kicked Plaintiff's feet from under him. Plaintiff alleges that these actions caused him to hit his head on the floor. According to Plaintiff, he was taken to a hospital and diagnosed with a head injury. Plaintiff alleges that he continues to take pain medication for the injuries that resulted from Brown's assault. Plaintiff seeks monetary damages to compensate him for Brown's assault.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff indicates in his objections that the "Eleventh Amendment immunity accorded to [SCDC], give[s] prisoners no protection against SCDC employees." Plaintiff asserts that SCDC "ought to be held accountable for it[s] employees [sic] actions." See Entry 13, Plaintiff's objections at 1.

The court has conducted a *de novo* review of the complaint and concurs with the Magistrate Judge's recommendation. SCDC is not amenable to suit under § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *vacated in part on other grounds*, 203 F.3d 821 (4th Cir. 2000); *Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, No. 08-7918, 2009 WL 646247, *2 (4th Cir. March 13, 2009). The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint is dismissed *without prejudice* and without issuance of service of process as to Defendant South Carolina Department of Corrections. Plaintiff

is not without protection from SCDC employees because Plaintiff can sue specific individuals employed by SCDC such as Defendant D. Brown. Process shall issue for service on Defendant D. Brown.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>The Honorable Margaret B. Seymour<br>United States District Judge

May 11, 2010
Columbia, South Carolina