IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kojo Saweto Ameen, #90517, ) | CIVIL ACTION NO. 9:10-0135-MBS-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Officer David Brown; ) | |
| Defendant. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.[1] Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendant.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 27, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 28, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion for summary judgment on June 14, 2010.

---

[1] Plaintiff is a frequent filer of litigation in this Court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

- 1 -



The Defendant's motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that on November 10, 2005, the Defendant Brown, a Correctional Officer, came to his cell and told his cell mate to leave the cell. Plaintiff alleges that Brown then attempted to provoke him verbally into an altercation, and that when that "did work", Brown grabbed him around the neck with his right hand and began to choke him "out of meanness and malice . . . ." Plaintiff alleges that when he attempted to pull away from Brown, Brown slammed his head into the top bunk and then proceeded to kick Plaintiff's feet out from under him. Plaintiff alleges that this caused him to strike his head "very hard" on the floor, knocking him semi-unconscious. Plaintiff alleges that he was taken to the hospital by two inmates, where medical personnel determined that he had injuries to his head. Plaintiff alleges that in the five (5) years subsequent to this incident, he has been having to take pain pills for his head. Plaintiff seeks monetary damages, among other relief. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Dwayne Brown has submitted an affidavit wherein he attests that at all times relevant to Plaintiff's complaint he was a Correctional Officer at the Evan Correctional Institution. Brown attests that at the time of the

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



alleged incident, he was a Lieutenant in charge of the normal day to day operation of the Waxhaw Housing Unit at ECI, and that he has no independent recollection of the facts and circumstances surrounding Plaintiff's allegations other than what is set forth in the incident report, a copy of which is attached to his affidavit. Brown attests that on November 10, 2005, he went to Plaintiff's cell to get a uniform from another inmate, Devin Outen, when the Plaintiff began screaming at him to get out of Plaintiff's cell, stating that he was a "devil worshiper". Brown attests that he instructed Plaintiff to sit down and stop screaming, at which time Plaintiff began hitting his head on the bed rail and falling on the floor trying to hit his head on the floor. Brown attests that he prepared the incident report attached to his affidavit following the resolution of this incident. Brown attests that Plaintiff was charged with the institutional violation of "mutilation", which encompasses physical injury to an inmate's body that is self-inflicted, inflicted by others with the inmate's permission, or assisting another inmate in mutilating himself. Brown attests that he only detained Plaintiff for the purpose of preventing Plaintiff from inflicting any further harm upon himself and to maintain order within the housing unit, and that it was not his intent to deliberately or maliciously cause harm or injury to the Plaintiff. See generally, Brown Affidavit, with attached Exhibits.

   As exhibits to his affidavit, Brown has attached a copy of an Incident Report dated November 10, 2005 which reflects the incident as described by Brown in his affidavit. The Incident Report further reflects that Plaintiff was seen and assessed by medical personnel, which included the taking of x-rays, with Plaintiff being directed to report back to medical on the dates specified for "neuro assessments." The Incident Report further reflects that Plaintiff was to be charged with "self inflict", and referred to a disciplinary hearing. A copy of the results of the disciplinary report and hearing record is attached to the incident report, showing that following the disciplinary hearing



- 3 -

Plaintiff was found guilty of the charge of mutilation.

The Defendant has also submitted an affidavit from Amy Smith, who attests that she is the Health Care Authority (HCA) at ECI, and that her duties include the medical treatment of inmates as well as management of the medical staff. Smith attests that she has attached a copy of Plaintiff's medical records to her affidavit as Exhibit A, reflecting medical treatment rendered to and/or medication administered to the Plaintiff from February 23, 2005 to September 26, 2007. Smith attests that Plaintiff's medical records, specifically encounters 242-248, indicate that following the incident at issue Plaintiff received treatment for a small hematoma to his right occipital area and that neuro checks and x-rays were ordered. These records further reflect that Plaintiff was alert, responsive and oriented at the neuro checks, and that the x-ray revealed no fractures or radiographic abnormalities. Smith attests that in her opinion Plaintiff suffered injuries to his head that were self inflicted, and that Plaintiff's medical records clearly demonstrate that he was carefully monitored for several days and x-rayed to determine if any abnormalities existed, with no fractures being noted and no abnormalities being found. Plaintiff's medical records further show that Plaintiff did not take either Tylenol or ibuprofen for the headaches he alleges. <u>See</u> <u>generally</u>, <u>Smith Affidavit</u>, with attached Exhibit [Medical Records].

As attachments to his response to the Defendant's motion for summary judgment, Plaintiff has submitted copies of his Step 1 and Step 2 grievances filed with respect to this incident. In his Step 1 grievance, Plaintiff essentially states the allegations as are set forth in his complaint, with the response to that grievance being noted as follows:

> Due to the nature of your grievance, it has been forwarded to Central Office for review by the Division of Investigations (DOI). You will be notified of their decision. This grievance is being held in abeyance pending a decision by DOI.



See Exhibit [Step 1 Grievance].

In his Step 2 Grievance, a response to his grievance is set forth as follows:

> Your concern has been reviewed. Your case was forwarded to the Division of Investigations (DOI) for review and possible investigations and it was determined that no investigation was warranted. You have not provided any evidence to substantiate your allegations of staff misconduct. Without verifiable evidence, further action is unwarranted.

See Exhibit [Step 2 Grievance].

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted to this Court, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Plaintiff claims that the Defendant Brown used excessive and unjustifiable force



against him on the date in question.⁴  When reviewing such a claim, the Court should consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner.  Whitley v. Albers, 475 U.S. 312, 321 (1986); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at * 6 (E.D.Va. Sept 22, 2010); see Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm].  Here, while Plaintiff alleges in his complaint that Brown used unjustified force against him on the date in question, he concedes in his complaint that he was engaged in a confrontation with Brown at the time of the incident, specifically stating that Brown verbally provoked him into an altercation, which "did work".  While, assuming Plaintiff's allegation to be true, the Court obviously does not condone Brown "verbally provoking" the Plaintiff, once Plaintiff responded by getting into an altercation with Brown, the use of some force to quell any disturbance would at that point have been justified, whether provoked or not.  Williams v. Benjamin, 77 F.3d 763 (4th Cir. 1996)[because

---

⁴Plaintiff's version of the facts calls into question his disciplinary conviction for mutilation. See Court Docket No. 28-2, p. 4.  If a favorable judgment would necessarily imply the invalidity of Plaintiff's conviction, he cannot bring a § 1983 action seeking damages as a result of that conviction until that conviction has been reversed on appeal, expunged by executive order, or otherwise declared invalid by a state collateral proceeding. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A conviction for purposes of Heck includes a conviction in a prison disciplinary proceeding. See Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir. 1997)["The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"].  However, the Defendant has not raised this issue or cited Heck as a defense to Plaintiff's claims.  Therefore, the undersigned has addressed Plaintiff's claim on the merits.



prison officials are entitled to use appropriate force to quell prison disturbances, and because these officials oftentimes must act under pressure without the luxury of a second chance, in order for a prisoner to prevail on an Eighth Amendment claim he must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm]. The question thus becomes whether Brown's physical actions were conducted to maintain or restore discipline, or maliciously or sadistically to cause harm. McMillian, 503 U.S. at 7.

While Plaintiff in his complaint describes his injuries as a result of Brown's conduct as being fairly severe, this claim is severely undercut by the actual medical evidence submitted in this case. Plaintiff's medical records do not show that he suffered any serious injury as a result of this altercation: Plaintiff received treatment for only a small bruise [hematoma] to the right side of his head. Plaintiff was otherwise found to be alert, responsive and oriented, with x-rays revealing no fractures or radiograph abnormalities. Plaintiff's medical records further indicate that Plaintiff did not even take any over the counter medications for the headaches he alleges in his complaint. Hence, even assuming Plaintiff's version of the events to be true[5], the medical evidence fails to show that Brown acted maliciously or sadistically given the de minimis injury reflected in the medical records. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical and mental injury, of course, is inadequate to survive a motion for summary judgment]; cf. Bell v. Wolfish, 441 U.S. 520, 540 (1979) ["[N]ot every malevolent touch by a prison

---

[5]Of course, the Defendant states that any injuries Plaintiff received were self inflicted, a conclusion supported by the Health Care Authority, and Plaintiff's own exhibits reflect that an investigation of Plaintiff's claims by the Division of Investigations failed to find any evidence to substantiate Plaintiff's allegations of misconduct by Brown. For purposes of summary judgment, however, the undersigned has assumed Plaintiff's verified statement that the injuries he received were the result of a physical confrontation with Brown to be correct. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). But see, n. 4, supra.



guard gives rise to a federal cause of action"]; see also Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ["not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"].

Although it is not required that Plaintiff show he suffered more than a de minimis injury to maintain an excessive force claim; see Wilkins v. Gaddy, 130 S.Ct. 1175, 1179-1180 (2010)[Noting that the notion that significant injury is a threshold requirement for stating an excessive force claim was rejected in Hudson, 503 U.S. at 7]; the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry. Wilkins, 130 S.Ct. at 1179-1180 [holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"], citing to Hudson, 503 U.S. at 9 (quoting Johnson, 481 F.2d at 1033); see also Ellerbe v. Roach, No. 08-3118, 2010 WL 3361703, at * 3 (E.D.N.C. Aug 24, 2010). Plaintiff has failed to produce any evidence showing a serious injury in this case.

Indeed, even with respect to the conduct he alleges Brown committed, while Plaintiff states in his complaint that his cell mate was an eye witnesses and can give an account of what happened, and that he and his cell mate both took a polygraph test, Plaintiff has provided no evidence whatsoever to support his version of the events that transpired as are set forth in his complaint. Conversely, all of the other evidence (to include not just Brown's affidavit, but Plaintiff's medical records and the evaluation of those records by the Health Care Authority, as well as the results of an investigation of Plaintiff's claim as is shown on Plaintiff's own exhibits) fails to provide any substantiation for Plaintiff's allegations. Cf. Sylvia Dev. Corp. v. Calvert County, MD.,



48 F.3d 810,818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].

In sum, while Plaintiff may conceivably have a state law claim arising from this incident, or some further administrative remedy he can pursue, the evidence before this Court is not sufficient to create a genuine issue of fact as to whether constitutionally excessive force was used under the circumstances in this case. See Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right]; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]. Therefore, Plaintiff's excessive force claim asserted as a constitutional violation should be dismissed.[6]

### **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed.**

---

[6] As part of his requested relief, Plaintiff also seeks to have Brown prosecuted for his actions. However, Plaintiff cannot obtain criminal charges against the Defendant through this lawsuit. See See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev. 1993)["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 13, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).