IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kojo Soweto Ameen, #90517, ) | |
| ) | C.A. No. 9:10-00135-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| South Carolina Department of Corrections; ) | |
| Officer D. Brown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Kojo Soweto Ameen, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on January 20, 2010 against the South Carolina Department of Corrections ("SCDC"), and Officer D. Brown ("Brown"). Plaintiff is housed at Lee Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On January 28, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed only as to SCDC for failure to state a claim upon which relief can be granted. On May 12, 2010, the court issued an order adopting the Report and Recommendation and dismissing SCDC from the case.

This case is before the court on Brown's motion for summary judgment, which was filed on May 27, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on May 28, 2010, advising Plaintiff of the procedure for motions to dismiss and motions for summary judgment and the possible consequences if he failed to respond adequately. On June 14, 2010, Plaintiff responded to the motion for summary judgment. On October 13, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Brown's motion for summary

judgment be granted. On October 25, 2010, Plaintiff filed objections to the Report and Recommendation indicating that he had documents to prove his case, but that he was on lock down. On November 22, 2010, the court granted Plaintiff thirty days to submit documentation in opposition to summary judgment. On December 13, 2010, Plaintiff filed a response to the court's order. On December 21, 2010, Brown replied. On January 3, 2011, Plaintiff filed a sur reply.

## BACKGROUND

The facts, in the light most favorable to Plaintiff are as follow. According to Plaintiff's complaint,[1] Brown, a correctional officer, assaulted Plaintiff on November 10, 2005. Plaintiff asserts that the altercation began when Brown entered his cell, asked Plaintiff's cell mate to leave, and "attempt [sic] to provoke verbally from [Plaintiff] an altercation," which "did work." Compl. at 3. Plaintiff contends that during the altercation, "out of meanness and malice" Brown "begin [sic] to choke [Plaintiff]." *Id.* When Plaintiff tried to pull away, Brown "slam [sic] [Plaintiff's] head into the top bunk." *Id.* Next, Brown "proceeded to kick [Plaintiff's] feets [sic] from under [him]" and Plaintiff hit his head "very hard on the floor." *Id.* According to Plaintiff, he was "knock [sic] semi unconscious" and was taken to the hospital where he was diagnosed with a head injury. Compl. at ¶ 3.

On November 17, 2005, Plaintiff was notified that he was to be tried in a disciplinary hearing for mutilation based upon the events of November 10, 2005. Entry 28-2 at 4. On November 18, 2005, Plaintiff filed a Step 1 grievance against Brown detailing the November 10, 2005 altercation

---

[1] Plaintiff's complaint is verified. *See* Compl. at 5. Verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991).

2

as laid out in Plaintiff's complaint. Entry 31 at 2. On November 28, 2005, Plaintiff's disciplinary hearing was held. Entry 28-2 at 4. Inmate Outen read a statement for the record and made a verbal statement, and Brown provided written and verbal testimony at the hearing. Entry 28-2 at 4. At the end of the hearing, Plaintiff was convicted of mutilation. *Id.*

On December 7, 2005, Plaintiff filed another Step 1 grievance to appeal his conviction for mutilation. Entry 40-2 at 3. Plaintiff claims that his conviction was a "cover up" because Plaintiff's cell mate gave an eyewitness account of the incident in a statement, corroborating Plaintiff's story. *Id.*; Compl. at 3-4. On December 16, 2005, the warden denied Plaintiff's December 7, 2005 grievance because "the points [Plaintiff] raised d[id] not substantiate any errors in the disciplinary hearing procedures and d[id] not warrant a reversal." Entry 40-2 at 4. The Warden specifically noted that he found no misinterpretation of evidence and that the evidence of mutilation was credible. *Id.* On December 19, 2005, Plaintiff filed a Step 2 grievance complaining that the Warden's decision on his December 7, 2005 Step 1 grievance did not properly address his claim because his claim was not fully investigated. Entry 40-1 at 11. Plaintiff claimed that the Warden was engaged in a "cover up." *Id.*

Plaintiff's December 19, 2005 Step 2 grievance was denied on March 14, 2006, because the documentation reviewed was "sufficient to support the conviction of Mutilation" and "[t]here was no reason found to warrant a reversal of the Disciplinary Hearing Officer's decision." Entry 40-1 at 11. On July 13, 2009, after a review by the Division of Investigation, Plaintiff's November 18, 2005 grievance was denied because there was no evidence presented to substantiate Plaintiff's allegations against Brown and further investigation was not warranted. *Id.* at 13. On July 28, 2009, Plaintiff filed a Step 2 grievance regarding his November 10, 2005 injuries in which he claimed that there was

3

physical evidence and an eye witness to his altercation with Brown, corroborating Plaintiff's story. Entry 31 at 3. Plaintiff's grievance was denied because Plaintiff did not provide any evidence to substantiate his allegations of staff misconduct and further investigation was deemed not warranted. *Id.*

Plaintiff alleges that he continues to take pain medication for the injuries that resulted from Brown's assault. *Id.* Plaintiff also alleges that prison administration improperly "held" his grievance for three years and seven months. Compl. at 3. Plaintiff seeks monetary damages to compensate him for Brown's assault, the prosecution of Brown,[2] and a court inquiry into prison grievance procedures. Compl. at 5.

**DISCUSSION**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is

---

[2] As was noted by the Magistrate Judge, Plaintiff does not have a judicially cognizable interest in the prosecution or non-prosecution of Brown. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff did not object to this part of the Report and Recommendation. Nevertheless, the court has reviewed the applicable case law and concluded that the Magistrate Judge's determination is correct.

4

clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Tr. of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

The Magistrate Judge determined that it was appropriate to grant Brown's motion for summary judgment on Plaintiff's excessive force claim because: 1) given Plaintiff's *de minimus* injury and the lack of evidence to support Plaintiff's version of events, the evidence did not show that Brown acted maliciously or sadistically; and 2) Plaintiff admitted that there was an altercation, which gave Brown justification to quell any disturbance. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

**I.     Excessive Force**

The Magistrate Judge noted in the Report and Recommendation that Plaintiff's version of the facts calls into question Plaintiff's disciplinary conviction for mutilation. Under the holding in *Heck v. Humphrey*, 512 U.S. 447 (1994), if a successful claim for damages under § 1983 "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence," such a claim is not cognizable unless the plaintiff can demonstrate that his conviction or sentence has already been invalidated. *Id.* at 487. This doctrine has been extended to the context of disciplinary convictions. *See Dewitt v. Adduci*, 62 F. App'x 532, 532 (4th Cir. 2003) (plaintiff's right of action "has not

5

accrued because he has not established that the validity of his disciplinary conviction has been reversed."); *see also Edwards v. Balisok*, 520 U.S. 641 (1997) (prisoner cannot challenge prison procedures that deprived him of good time credits if the challenge would "necessarily imply the invalidity of the punishment imposed.").

The Magistrate Judge declined to dismiss Plaintiff's claim under the doctrine of *Heck v. Humphrey*, and reached the merits of Plaintiff's claims because Defendant did not argue that Plaintiff's claim is not cognizable under *Heck v. Humphrey*. Courts may, however, dismiss actions pursuant to *Heck v. Humphrey sua sponte*. *See Wilson v. Johnson*, 535 F.3d 262, 263, 268 (4th Cir. 2008). If Plaintiff's claim for excessive force were to succeed, it would necessarily imply that Plaintiff did not engage in the mutilation for which he was convicted. Plaintiff does not contend that his disciplinary conviction for mutilation has been overturned. Therefore, pursuant to *Heck v. Humphrey*, Plaintiff's excessive force claim is not cognizable under § 1983.

## II.   Grievance Procedures

Plaintiff appears to allege a violation of his constitutional rights based upon the delay in the processing of his November 18, 2005 grievance claiming that "[i]t took SCDC almost four years to investigate this matter." Entry 40 at 1. There is no constitutional right to institutional grievance procedures. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Therefore, any delay in responding to grievances is not cognizable under § 1983. *See Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, Plaintiff's claim regarding the prison grievance procedures is dismissed.

## **CONCLUSION**

Although the court does not adopt the reasoning espoused by the Magistrate Judge, Plaintiff's claims are dismissed as not cognizable under § 1983. The court declines to exercise jurisdiction over any state law claims asserted by Plaintiff.

**IT IS SO ORDERED.**

                                                s/ Margaret B. Seymour
                                                The Honorable Margaret B. Seymour
                                                United States District Judge

January 21, 2011
Columbia, South Carolina